*FOR PUBLICATION*                                                *ORDER*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

PAUL PETER,                          )
                                     ) D.C. CIV. APP. NO. 2003/196
              Appellant,             ) Super. Ct. No. 408/1994
                                     )
         v.                          )
                                     )
HESS OIL VIRGIN ISLANDS              )
CORPORATION,                         )
                                     )
              Appellee.              )
                                     )

On Appeal from the Superior Court of the Virgin Islands

Considered: December 19, 2008
Filed: April 28, 2009

BEFORE:  **CURTIS V. GÓMEZ**, Chief Judge, U.S. District Court of
         the Virgin Islands; **RAYMOND L. FINCH**, Judge of the U.S.
         District Court of the Virgin Islands; and **BRENDA J.
         HOLLAR** Judge of the Superior Court of the Virgin
         Islands, sitting by designation.

**GORDON C. RHEA, Esq.**
St. Croix, U.S.V.I.
         Attorney for Appellant.

**BRITAIN H. BRYANT, Esq. & CARL A. BECKSTEDT, III, Esq.**
St. Croix, U.S.V.I.
         Attorneys for Appellee.

**Per Curiam.**

**Memorandum Opinion**

In this appeal, we are asked to decide two issues. First, whether the Superior Court retained jurisdiction to dismiss this matter with prejudice while an order from the trial court disqualifying counsel was pending appellate review. Second, whether the trial court's dismissal was appropriate.[1]

## I. FACTUAL & PROCEDURAL POSTURE

On May 5, 1994, Paul Peter ("Appellant" or "Peter") filed suit against the Hess Oil Virgin Islands Corporation ("HOVIC") seeking compensatory and punitive damages for respiratory injuries allegedly conferred while working for various HOVIC contractors. Attorney Lee Rohn ("Rohn") represented Peter. On June 14, 1994, HOVIC moved to disqualify Attorney Rohn as Peter's counsel because she previously represented HOVIC as a defendant in matters substantially related to Peter's claim against HOVIC.[2]

---

[1] At all times relevant to the lower court's proceedings, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, where applicable, the Court employs the terms Superior Court and judge of the Superior Court.

[2] From 1985-1997, Rohn was employed by HOVIC's present counsel, the Law Offices of Bryant, Barnes, Moss and Beckstedt, LLP (formerly Britain H.

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 3

The trial court agreed with HOVIC and disqualified Rohn.[3] (J.A. 5-7.)

On April 12, 1996, Peter appealed the order disqualifying Rohn. The trial court granted HOVIC's unopposed motion to dismiss the underlying matter with prejudice for failure to prosecute. On February 14, 2000, Peter filed a motion to reconsider in the Superior Court. (J.A. 86.)

On January 10, 2002, this Court rejected Peter's disqualification appeal under the final judgment rule.[4] We held that the trial court's disqualification order was neither a final, nor properly appealable order. (J.A. 204-209.) Peter did not seek further appellate review of that decision.

On April 23, 2002, Peter's current attorney, Gordon C. Rhea, entered his appearance with the Superior Court. On November 6, 2003, the trial court denied Peter's motion to reconsider and this matter was dismissed. (J.A. 211.) This timely appeal followed.

---

Bryant & Associates, P.C.) During those years, Rohn represented HOVIC as a defendant in several cases involving allegations of inhalation and exposure to toxic vapors and particulates.

[3] The trial court entered its order disqualifying Lee Rohn, Esq., on March 21, 1996.

[4] The appeal was heard on June 11, 1997, but an opinion did not issue until January 10, 2002.

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 4

## II. JURISDICTION AND STANDARD OF REVIEW

This Court may review the judgments and orders of the Superior Court in civil cases. Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a; 4 V.I.C. § 33 (2001). We review de novo questions of law. *See Government v. Petersen*, 131 F. Supp. 2d 707, 709 (D.V.I. App. Div. 2001); *Government of V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App. Div. 2001).

Generally, the denial of a motion for reconsideration is reviewed for abuse of discretion. *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992). However, because an appeal from a denial of a motion for reconsideration necessarily raises the underlying judgment for review, the standard of review varies with the nature of the underlying judgment." *Id.* ; *see also McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 553 (3d Cir. 1992). Thus, any legal issues are subject to plenary review, any factual issues are reviewed for clear error, and any issue ordinarily subject to review under the abuse of discretion standard will receive such review. *Id.*; *Bryan v. Todman*, 1993 U.S. Dist. LEXIS 21461, * at 2-3 (D.V.I. October 29, 1993).

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 5

## III. DISCUSSION

### A. Divestment of Jurisdiction

Peter contends that the Superior Court lacked jurisdiction to terminate the underlying matter while his disqualification appeal was pending.

The Third Circuit, in line with Supreme Court jurisprudence has stated:

> As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a court of appeals and divesting a [trial] court of its control over those aspects of the case involved in the appeal.

*Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985) (quoting *Grigg. v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))(citations omitted).

The general divestment rule is a judge-made rule designed to avoid confusion or waste of time that might flow from putting the same issues before two courts at the same time. *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980).

However, a critical exception to this general rule is that the jurisdiction of the lower court is not lost by the taking of an appeal from an order or judgment which is not properly appealable. *See Venen*, 758 F.2d at 121. An appeal taken from a non-appealable judgment or order is thus, a 'nullity' as it

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 6

pertains to divesting the lower court of jurisdiction. *Id.*; see also *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277, n.7. n3 (3d Cir. 1962), overruled on other grounds; *Torockio v. Chamberlain Manufacturing Co.*, 456 F.2d 1084, 1087 (3d Cir. 1972)("[t]he jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order which is not appealable . . . An appeal from a non appealable order is sometimes characterized as a nullity."); see also *Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir. 1989)("unlike a timely notice of appeal, a premature notice of appeal does not divest the [trial] court of jurisdiction").

The Third Circuit Court of Appeals has held that a contrary conclusion would enable potential litigants to temporarily deprive a trial court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings in the trial court to a standstill while non-appealable rulings wend their way through the appellate process. *Venen*, 758 F.2d at 121; see also *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980); *Euziere v. U.S.*, 266 F.2d 88, 91 (10th Cir.1959), reversed on other grounds 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720 (1960); *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 818 (9th Cir.1961); *Healy v. Pennsylvania R. Co.*, 181 F.2d

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 7

934, 936-937 (3d Cir.1950), cert. den. 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674 (1951); *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979)(the notice of appeal from a non appealable order does not render void for lack of jurisdiction acts of the [trial] court performed during the interval between the filing of the notice and the dismissal of the appeal).

Peter's reliance on *Venen v. Sweet* in support of his position that the trial court was immediately divested of jurisdiction is misplaced. See 758 F.2d 117. *Venen*, like the other cases on which Peter relies concern judgments and orders deemed to either be final or immediately appealable under a myriad of well-settled exceptions to the final judgment rule.[5]

---

[5] *Main Line Federal Savings and Loan Association v. Tri-Kell*, 721 F.2d 904, 906 (3d Cir. 1983)(appeal from a final bankruptcy order to district court); *Hovey v. McDonald*, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888(1983)(appeal of a final decree confirming auditor's report); *Hattersley v. Bollt*, 512 F.2d 209, 213-215 (3d Cir. 1975) (although a ministerial act remains to be implemented, judgment affixing livability is final and appealable); *U.S. v. Lafko*, 520 f.2d 622, 623 (3d Cir. 1975)(appeal from a final district court enforcing administrative summons); *Venen*, 758 F.2d at 117(appeal of a denial of a motion to dismiss on the ground of absolute immunity appealable under the collateral order doctrine); *Dayron Independent School District et al. v. Mineral et al.*, 906 F.2d 1059 (5th Cir. 1990)(interlocutory appeal per certified order from the district court raising the common question of whether the plaintiffs could state a federal claim under CERCLA); *Greenleaf Nursery v. E.I. DuPont DeNemours and Company*, 341 F.3d 1292 (11th Cir. 2003(interlocutory appeal from certified district court order); *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817 (5th Cir. 1989)(appeal of district court's grant of preliminary injunction); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 38 (1st Cir. 1979), cert denied 450 U.S 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981)(appeal from a final judgment); *Lairsey v. Advance Abrasive Co.*, 542 F.2d 928, 929 (5th Cir. 1976)(appeal from final judgment); *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976)(appeal from a final judgment).

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 8

The order on appeal in this case is a disqualification order. Unlike a dismissal order, or an order concerning judicial immunity, disqualification orders, as a class, are neither final nor immediately appealable. *Paul Peter v. HOVIC*, No. 1996-054, (D.V.I. App. Div. January 10, 2002) (quoting *Richardson-Merrell, Inc. V. Koller*, 472 U.S. 424, 429-430, 439 (1985)(internal citations omitted))(orders disqualifying counsel in civil cases, as a class, are not sufficiently separable from the merits to qualify for interlocutory appeal.)[6] The disqualification order did not fall within any narrow category of prejudgment, appealable collateral orders. *Id.* Indeed, "orders disqualifying counsel in a civil case are not collateral orders subject to immediate appeal . . ." *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 426 (U.S. 1985); see also *Comuso v. Nat'l RR Passenger Corp.*, 267 F.3d 331, 339 (3d Cir. 2001)(order sanctioning and

---

[6] A small subset of orders disqualifying counsel, however, may be sufficiently separable from the merits of litigation to qualify for appellate consideration. For example, orders disqualifying attorneys on the ground that they should testify at trial, are extricable from the merits because they involve an assessment of the likely course of the trial and the effect of the attorney's testimony on the judgment. *Kahle v. Oppenheimer & Co.*, 748 F.2d, at 339. Appellate review of orders disqualifying counsel for misconduct may also be dis-entwined from the merits; if reversal hinges on whether the alleged misconduct is "likely to infect future proceedings," *Richardson*, 472 U.S. at 440 (quoting 237 U. S. App. D. C., at 351, 737 F.2d, at 1056, courts of appeals will often have to review the nature and content of those proceedings to determine whether the standard is met). The disqualification order in this case, falls into neither of these rare exceptions.

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 9

disqualifying counsel under court's inherent powers was not final and appealable).

Peter's alternative argument is similarly unavailing. Peter also argues that the trial court was required to certify its intention to dismiss the matter to the appellate division prior to dismissal. Again, Peter hinges his position on *Venen v. Sweet*, where the Court does in fact note that appellate certification is required for the trial court to act on a Fed. R. Civ. P. Rule 60(b) motion while an appeal is pending. 758 F.2d at 122-123.

The Third Circuit's mention of certification in *Venen* is consistent with the V.I. Rules of Appellate Procedure and the Federal Rules of Appellate Procedure, which both explicitly provide that the trial court "shall have authority to consider and deny any motion for relief filed under Fed. R. Civ. P. 60(b) that is filed more than ten days after the final judgment or order is entered." VIRAP 5(a)(5); *see also* Fed. R. App. P. 4(a)(4).[7] Our governing rules further outline the proper procedures that the Superior Court must follow to address a Rule

---

[7] The Rule provides that the Superior Court has the authority to consider and deny a Rule 60(b) motion that is filed more than ten days after final judgment or order is entered. VIRAP 5(a)(4)(vi); VIRAP 5(a)(5). If the Superior Court would otherwise be disposed to grant such a motion that is filed more than ten days after entry of judgment, it shall so notify the Appellate division and request that the entire matter be remanded to the Superior Court for further action. *Id.*

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 10

60(b) motion while an appeal on the merits is pending. *Id.* However, Peter's reliance on *Venen* is again misplaced and ultimately irrelevant.

In *Venen*, the Third Circuit explained that certification was required for the trial court to entertain a dispositive Rule 60(b) motion, while a properly laid appeal was still pending. 758 F.2d at 122-123. In sharp and definitive contrast, the disqualification order in this case was not properly on appeal. Thus, Peter's certification argument is circular. Significantly it is unsupported by applicable law.

In January of 2002, this appellate Court considered whether the trial court's disqualification of Attorney Lee Rohn was a final, appealable decision under the final judgment rule. *See Paul Peter v. HOVIC*, No. 1996-054, (D.V.I. App. Div. January 10, 2002). We explained, in detail, that the disqualification order was not immediately appealable because it was not a final judgment, nor did it fit within any of the exceptions to the final judgment rule. *Id.* We reach the same conclusion now as we did then.

We note that if Peter intended to appeal the disqualification order and safeguard against dismissal, several

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 11

procedural avenues were available to him. He could have sought to have the question certified for interlocutory appeal, he could have sought mandamus relief, he could have requested a stay of the proceedings below and when his appeal was rejected, he could have also pursued interlocutory review of that intermediary appellate decision with the Third Circuit Court of Appeals. *See Richardson-Merrell*, 449 U.S. at 378-379, n.13. Alternatively, when Peters obtained his unsatisfactory judgment under the guidance of substitute counsel, he could have later challenged the initial disqualification ruling on appeal from final judgment. *Id*. However, Peter did not pursue any of these available recourses. He did not seek interlocutory appeal, he did not seek a stay of the proceedings, he did not seek mandamus relief and now, when an appeal of the disqualification order is ripe, he does not challenge the trial court's disqualification ruling in his notice of appeal or opening brief. *See Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) (when an appellant gives notice in his opening brief that he is appealing from a final order, we may review earlier orders disposing of other claims).

Consequently, because Peter's challenge to the trial court's disqualification order was unappealable, his notice of appeal was nullified and in turn did not divest the trial court of

jurisdiction to dismiss the matter below. *See Venen*, 758 F.2d at 121; *see also Riddle*, 58 F. 490, 493 (8th Cir.1893); *Euziere*, 266 F.2d 88, 91; *Resnik*, 289 F.2d at 818; *Cf. Healy*, 181 F.2d at 936-937; *U.S. v. Crescent Amusement Co.*, 323 U.S. at 177. Whether the trial court's dismissal order was substantively appropriate, however, remains unresolved.

## B. Dismissal for lack of prosecution

On November 6, 2003, the trial court denied Peter's motion to reconsider its February 1, 2000, dismissal with prejudice.[8] The trial court cited no rule of local or federal procedure upon which it based its dismissal. (J.A. 80.)[9]

In *Poulis v. State Farm Fire & Cas. Co.*, the United States Court of Appeals for the Third Circuit examined the factors to be

---

[8] If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b).

[9] On January 12, 2000, HOVIC filed a motion to dismiss for lack of prosecution. On February 1, 2000, Judge Alphonse Andrews dismissed the case for want of prosecution. (J.A. 80.) On February 7, 2000, HOVIC filed a second motion to dismiss, with the apparent intention of confirming that the pending disqualification of counsel appeal should also be dismissed as moot because Judge Andrews' had already dismissed the underlying matter in its entirety. (J.A. 81.) On February 14, 2000, Peter filed a response to HOVIC's February 7, 2000, motion to dismiss, together with a motion for reconsideration of Judge Andrews' February 1, 2000, dismissal order. (J.A. 86.) On November 6, 2003, the Superior Court denied Peter's motion for reconsideration. It is from the denial of Peter's motion for reconsideration that this appeal is taken.

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 13

balanced by a trial court in deciding whether to dismiss a complaint for failure to prosecute.[10] These factors are (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) whether there has been a history of dilatoriness in the case; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense.[11] *Id.*

The *Poulis* analysis involves a balancing test, and therefore, it is not necessary that all of the *Poulis* factors are met to warrant dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d. Cir. 1988). However, a trial court "cannot simply ignore the *Poulis* factors." *Myers v. Derr*, 2001 U.S. Dist. LEXIS 16858, at *10 (D.V.I. App. Div. Aug. 15, 2001)(holding that where the trial court dismissed pursuant to Fed. R. Civ. P. 41(b), it could not ignore the *Poulis* factors); *see also Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d. Cir. 1984) (because a *sua sponte* Rule 41(b) dismissal order deprives a party of its day in court, a reviewing

---

[10] 747 F.2d 863, 868-870 (3d Cir. 1984).

[11] The Court of Appeals for the Third Circuit has specifically used these factors in examining a motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b). *See Dunbar v. Triangle Lumber and Supply Co.*, 816 F.2d 126 (3d Cir. 1987); *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984).

*Peter v. Hess Oil Virgin Islands Corp.*
D.C.Civ.App. No. 2003/0196
Memorandum Opinion
Page 14

court must carefully review each such case to ascertain whether the trial court abused its discretion in applying such an extreme sanction).

In this case, the trial court's dismissal order is devoid of any *Poulis* considerations. In fact, the court's one-page, five line order lacks any analysis that substantiates its decision to dismiss the matter with prejudice. The Third Circuit Court of Appeals has emphasized that trial courts should be reluctant to deprive a party the right to have its claim adjudicated on the merits. *See, e.g., Donnelly*, 677 F.2d at 339. Here, the trial court abused its discretion by dismissing this matter without analyzing nor addressing any of the *Poulis* factors.

## IV. CONCLUSION

For the reasons cited above, the Superior Court appropriately exercised jurisdiction over Peter's motion to reconsider. However, in dismissing this matter for failure to prosecute, the trial court erred by failing to evaluate any of the *Poulis* factors. Accordingly, we shall vacate the Superior Court's November 6, 2003 and February 1, 2000 dismissal orders and remand with instructions for the trial court to consider its dismissal in light of the considerations set forth in *Poulis*.